# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN LEE BROOKS, | Case No. 1:11-cv-2124-SKO |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE JUDGMENT** |
| v. | (Doc. No. 27) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## I. INTRODUCTION

On December 23, 2011, Plaintiff Martin Lee Brooks ("Plaintiff") filed a complaint seeking judicial review of an Administrative Law Judge's ("ALJ") decision denying Plaintiff's application for Social Security benefits. (Doc. 1.)[1] On March 26, 2014, the Court issued an order reversing the ALJ's decision and the case was remanded to the agency. (Doc. 25.) Plaintiff filed a timely motion to amend the judgment pursuant to Rule 59 which the Commissioner opposed. For the reasons that follow, Plaintiff's motion to amend the judgment is DENIED.

---

[1] The parties stipulated to a remand in March 2012 for further proceedings before the agency. The case was reopened before this Court in February 2013, and a new Administrative Record was lodged on April 29, 2013. The parties filed briefs relevant to the updated Administrative Record in 2013. (*See* Docs 22, 23, 24.)

## II.  BACKGROUND

In assessing Plaintiff's Residual Functional Capacity ("RFC"), the ALJ determined that Plaintiff was able to "perform simple, routine tasks with occasional public contact," and concluded Plaintiff was not disabled.  (AR 24.)  In seeking reversal of the ALJ's decision, Plaintiff argued, inter alia, that the ALJ credited the opinion of Dr. Loomis in determining Plaintiff's RFC, but did not adopt the wording Dr. Loomis used to describe Plaintiff's mental abilities, which was error.

In rejecting Plaintiff's argument, the Court noted that Dr. Patterson, another non-examining physician credited by the ALJ, concluded that Plaintiff was "capable of understanding and remembering at least simple instructions and can effectively perform routine tasks."  (AR 501.)  The Court reasoned that it was within the province of the ALJ to interpret the medical evidence and resolve any ambiguities or inconsistencies that might exist.  As such, the ALJ was entitled to interpret Dr. Loomis' findings in the context of his complete report, as well as Dr. Patterson's opinion, to formulate the RFC.  The ALJ was not required to adopt the exact language used by Dr. Loomis in describing Plaintiff's abilities.

In his motion to amend the judgment, Plaintiff argues the Court erred in considering Dr. Loomis' opinion.  Plaintiff maintains the regulations require Dr. Loomis' opinion to be stated and interpreted as the maximum Plaintiff can do – i.e., tasks with only one- or two- step instructions – and cannot be translated into an RFC for remembering "simple instructions" and performing "routine tasks."  (Doc. 27.)

## III.  DISCUSSION

**A.   Legal Standard**

Courts may alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). Rule 59(e) is generally seen as "an 'extraordinary remedy, to be used sparingly'" and at the discretion of the Court.  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citations omitted); see also *McQuillion v. Duncan*, 342 F.3d 1012, 1013 (9th Cir. 2003).  A motion to alter or amend a judgment "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en

banc) (citations omitted).  "To succeed [on a motion to alter or amend judgment], a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).   Thus, "'[m]ere doubts or disagreements about the wisdom of the prior decision of this or a lower court will not suffice[.]'"  *Campion v. Old Republic Home Protection Co.*, 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011) (quoting *Hopewood v. Texas*, 236 F.3d 256, 273 (5th Cir. 2000) (citations omitted)).  "To be clearly erroneous, a decision must strike [a court] as more than just maybe wrong or probably wrong; it must be dead wrong."  *Id.*

**B.     The Court Did Not Clearly Err in Affirming the ALJ's Consideration of Dr. Loomis' Opinion**

In his opening brief, Plaintiff asserted that, although the ALJ credited the state agency physicians Dr. Loomis and Dr. Patterson, not all the limitations to which they opined were included in the ALJ's RFC Assessment.  Specifically, Dr. Loomis opined Plaintiff could understand, remember, and carry out simple one- to two-step tasks, but a limitation to one- to two-step tasks was not included in the RFC.  Rather, as to Plaintiff's mental functioning, the ALJ's determined Plaintiff had the RFC to perform simple, routine tasks with occasional public contact. (AR 24.)  In considering Plaintiff's argument, the Court reasoned as follows:

> As it pertains to Dr. Loomis' opinion that Plaintiff "is capable of understanding, remembering and carrying out simple one to two step tasks," this is not phrased as a limitation but as an affirmative statement of what Plaintiff *can* do. (AR 420.)  The RFC, on the other hand, is formulated to describe the *most* a claimant can do.  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) (RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence.").
>
> A similar argument was presented to the court in *Wilson v. Astrue* where the plaintiff asserted a statement by a physician, Dr. Yang, that the plaintiff was "able to follow 1- and 2-part instructions" was a limitation that was not consistent with the ALJ's RFC assessment finding that the plaintiff was limited to simple, repetitive tasks.  No. 09-cv-1765 SS, 2010 WL 3894679, at *9 (C.D. Cal. Oct. 1, 2010).  The court found the ALJ's RFC determination was consistent with the doctor's overall opinion, which showed that Dr. Yang believed Plaintiff was *able* to follow one- and two-part instructions, not that he was necessarily *limited* to following one- and two-part instructions.  *Id.* at *9.  Dr. Yang noted that the plaintiff was cooperative, attentive, alert in all spheres, able to perform simple calculations, spell words, and his memory was intact; he presented no obsessions or delusions; his medication

3

> was effective; and he performed household chores, shopped, cooked, managed money, drove and played video games. *Id.* The court concluded that Dr. Yang's opinion, taken in its entirety, did not support Plaintiff's argument that he was limited to only one- and two-part instructions.
>
> Here, as in *Wilson*, Dr. Loomis did not affirmatively limit Plaintiff to one- to two-step tasks. Rather, he stated that Plaintiff was *able* to complete such tasks, but was moderately limited in the ability to perform tasks involving detailed instructions. Thus, the limitation was directed to *detailed* job instructions, and even as to detailed instructions, Dr. Loomis found Plaintiff only "moderately" limited. Considering Dr. Loomis' entire opinion, it is clear, as in *Wilson*, that he believed Plaintiff was not necessarily *limited* to tasks with one or two steps. For example, Dr. Loomis marked that Plaintiff was not significantly limited in almost every area of functioning, including his ability to complete a normal workday, make simple work-related decisions, remember locations and work-like procedures, maintain attention for extended periods, perform activities within a schedule, sustain an ordinary routine without supervision, and work in coordination or in proximity to others. (AR 418-20.) Moreover, Dr. Patterson, another non-examining physician whom the ALJ credited, concluded that Plaintiff was "capable of understanding and remembering at least simple instructions and can effectively perform routine tasks." (AR 501.)
>
> It is within the province of the ALJ to interpret the medical evidence and resolve any ambiguities or inconsistencies that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ was entitled to interpret Dr. Loomis' findings in the context of his complete report, as well as Dr. Patterson's opinion, to formulate the RFC; the ALJ was not required to adopt the exact language used by Dr. Loomis.

(Doc. 25, 21:12-22:22.)

In his motion to amend the judgment, Plaintiff contends the Court misread Mr. Loomis' opinion that Plaintiff was capable of "carrying out simple one to two step tasks." Plaintiff argues Dr. Loomis' wording must be strictly interpreted, pursuant to the Regulations, as the *limit* of Plaintiff's ability. If the phrase was only a statement of what Plaintiff was *able* to do, rather than an opinion as to the *most* Plaintiff was able to do, Dr. Loomis would be in violation of 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1).

Section 20 C.F.R. § 404.1545(a)(1) provides as follows:

(1) Residual functional capacity assessment. Your impairment(s), and any related symptoms, such as pain, may cause physical and mental limitations that affect what you can do in a work setting. Your residual functional capacity is the most you can still do despite your limitations. We will assess your residual functional capacity based on all the relevant evidence in your case record. (See § 404.1546.)

4

The regulations Plaintiff cites relate to the RFC the ALJ formulates when the case is pending before the ALJ (*see* 20 C.F.R. § 404.1546(c)) – not the residual functional capacity form the non-examining state agency physicians complete for the ALJ's consideration.

However, even if Dr. Loomis was required by Sections 404.1545(a)(1) and 416.945(a)(1) to state his opinion in terms of the *maximum* ability he believed Plaintiff possessed, Dr. Patterson – as discussed in the underlying decision – opined that Plaintiff was capable of understanding and remembering at least simple instructions and can effectively perform routine tasks.  (AR 501.) The ALJ, in crediting both opinions, was entitled to synthesize the terminology the doctors used in formulating their opinions, as the ALJ alone was responsible for formulating the RFC.  It is within the province of the ALJ to interpret the medical evidence and resolve any ambiguities or inconsistencies that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ was entitled to interpret Dr. Loomis' findings in the context of Dr. Loomis' complete report, as well as Dr. Patterson's opinion, to formulate the RFC – the ALJ was not required to adopt the exact language used by Dr. Loomis in crediting the opinion.

## IV.   CONCLUSION AND ORDER

Plaintiff's argument does not meet the Rule 59 standard for reconsideration – Plaintiff's motion is merely a request that the Court reconsider its earlier decision.  As such, Plaintiff's motion to amend the judgment is DENIED.

IT IS SO ORDERED.

Dated:   **December 8, 2014**                            **/s/ Sheila K. Oberto**
                                                                            UNITED STATES MAGISTRATE JUDGE